IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SAMUEL PIERCE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MARIE GAVIGAN, ET AL.,<br><br>　　　　　　Defendants. | CIV. NO. 23-00359 JMS-RT<br><br>ORDER GRANTING DEFENDANT MARIE GAVIGAN'S MOTION TO DISMISS WITH LEAVE TO AMEND, ECF NO. 23 |

## ORDER GRANTING DEFENDANT MARIE GAVIGAN'S MOTION TO DISMISS WITH LEAVE TO AMEND, ECF NO. 23

### I. INTRODUCTION

Defendant Marie Gavigan moves to dismiss pro se Plaintiff Samuel Pierce's Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, Gavigan's motion is GRANTED, and the Amended Complaint is DISMISSED with leave to amend.[1]

---

[1] It appears that neither Gary Yamashiroya nor David Matsumiya have been served with the Amended Complaint. ECF No. 23-1 at PageID.117; *see also* ECF No. 11 (describing Plaintiff's difficulties serving Gavigan, who had since retired as Deputy Attorney General, and moving to serve Gavigan by publication); ECF No. 12 (denying Plaintiff's motion to serve by publication); ECF No. 13 (Gavigan appearing in the case on a joint motion to dismiss with State of Hawaii). But, even so, the court can dismiss as to these Defendants for the same reason as to Gavigan. *See, e.g.*, *Dicks v. Schatz*, 2023 WL 3203658, at *1 (D. Haw. May 2, 2023) (citing *Silverton v. Dep't of Treasury*, 664 F.2d 1341, 1345 (9th Cir. 1981) ("A [d]istrict [c]ourt may properly on its own motion dismiss an action as to defendants who have not moved to dismiss

(continued . . .)

Plaintiff may submit a Second Amended Complaint to attempt to cure the deficiencies identified in this Order.

## II.  BACKGROUND

Plaintiff asserts constitutional and state law violations against Marie Gavigan, Gary Yamashiroya, and David Matsumiya (the "Named Defendants") and John Does 1–10 (the "Doe Defendants").  *See* ECF No. 18 ("Amended Complaint") at PageID.78.  Plaintiff is an American citizen residing in Japan, who formerly worked at the Japanese law firm TMI Associates.  *Id.* at PageID.79.  Plaintiff claims that, after he filed a previous suit in this court challenging Hawaii's COVID-19 Safe Travels program ("Safe Travels"), "someone at the State of Hawaii" sent an email to his law firm, which caused his termination.  *Id.* at PageID.84.  He alleges that this email was sent by or on behalf of the Named Defendants, with the participation of other unknown individuals (the Doe Defendants).  *Id.* at PageID.80, 84.

**A.   The Prior Actions**

This lawsuit is not new to the court.  It is based on two prior suits, the most recent of which was dismissed without prejudice.  The background of the prior suits is summarized here to give context for the claims at issue.

---

where such defendants are in a position similar to that of moving defendants . . . .")).  Any amended complaint should address deficiencies as to all three Named Defendants: Gavigan, Yamashiroya and Matsumiya.

On August 19, 2021, Plaintiff filed his first lawsuit in this court, Civ. No. 21-00351 JMS-KJM, against Clare Connors (then-Attorney General of Hawaii) and the State of Hawaii. He alleged that Safe Travels discriminated against travelers arriving from international destinations and infringed his right to travel under the Constitution. Civ. No. 21-00351 JMS-KJM, ECF No. 1 at PageID.2.

Shortly thereafter, Plaintiff amended his complaint, presenting an entirely different legal theory: agents of the State of Hawaii had sent an email that "misrepresented in Japanese to my employer a dismissed record of a wrongful arrest along with past civil rights cases I have brought," which resulted in his termination from his "dream job."[2] *Id.*, ECF No. 24 at PageID.140; *see also Pierce v. Connors*, 2021 WL 5622107 (D. Haw. Nov. 30, 2021) (dismissing complaint in Civ. No. 21-00351 JMS-KJM, with leave to amend). This court ultimately decided that Plaintiff's new allegations of retaliation were not sufficiently related to his original allegations against Safe Travels, and allowed Pierce to transfer his Complaint to a new civil action. Civ. No. 21-00351 JMS-KJM, ECF No. 75 at PageID.401. Pierce voluntarily dismissed that action without prejudice. *See* Civ. No. 22-00083 JMS-KJM, ECF No. 16.

---

[2] Plaintiff also changed his prayer for relief, requesting that the court declare him to be Governor of Hawaii and "enjoin[] all People of the State of Hawaii to follow [his orders]." *Id.*, ECF No. 24 at PageID.151.

3

## B. This Action

Plaintiff now attempts to restart that action in this suit. He filed a Complaint against Gavigan and the State of Hawaii (the "State") on August 28, 2023. ECF No. 1 at PageID.1. After the State moved to dismiss, ECF No. 13, but before the court ruled, Plaintiff filed the Amended Complaint, which does not name the State as a Defendant, and specifies that Gavigan—as well as new Defendants Yamashiroya and Matsumiya—are sued in their personal capacities.[3] ECF No. 18 at PageID.78. Plaintiff also added John Does 1–10. *Id.*

Plaintiff again generally alleges that he lost his job at TMI Associates because Defendants retaliated against him for bringing his lawsuit against Safe Travels. *Id.* at PageID.79. Throughout the Amended Complaint, however, Plaintiff does not allege who did any of the acts in question, much less which Named Defendant—if any—acted. He refers to Defendants interchangeably with the State of Hawaii, which is not a defendant.

Plaintiff recounts that he had planned to travel to Hawaii, but was unable to obtain an exemption from Hawaii's vaccination requirements for people traveling from Japan. *Id.* at PageID.82. He then sued the State of Hawaii. ECF

---

[3] Gavigan and Matsumiya were Deputy Attorneys-General at the time and defended Attorney General Clare Connors and the State of Hawaii in Pierce's first action. *See* Civ. No. 21-00351 JMS-KJM, ECF No. 21 at PageID.77. Yamashiroya was Special Assistant to Attorney General Clare Connors—he responded to Pierce's initial email requesting an exemption from Hawaii's vaccine requirement. *See id.* at PageID.84, 96.

No. 18 at PageID.82 (referencing Civ. No. 21-00351 JMS-KJM, ECF No. 1).  He claims that the Named Defendants then

> discover[ed] that ironically the Plaintiff was employed by the same law firm in Japan relied on by the Ige Administration to handle both the State (to whatever limited extent it might have a legitimate need) and David Ige's personal business.  Given just the Plaintiff's first and last name and the fact that he lived in Japan, Gavigan and her colleagues could find the Plaintiff's profile on the website of TMI Associates.

*Id.* at PageID.83.

This is Plaintiff's only factual allegation directly relating to the Named Defendants.  Plaintiff then alleges that "the State" emailed him to inform him that it had discovered he was a licensed attorney as displayed on the TMI Associates web page.  *Id.* at PageID.83–84.  A few days later, his superiors at his law firm called him into a meeting and showed him "an email from someone at the State of Hawaii [to his superior] that claimed falsely that [Pierce] had been arrested for larceny and that he had previously sued a university for race discrimination."  *Id.* at PageID.84.  He claims this was sent "by someone or on behalf of someone working in the State of Hawaii's Department of the Attorney General."  *Id.* at PageID.84.  After an unsuccessful attempt to explain the allegations in the email to his employer, Plaintiff was terminated.  *Id.* at PageID.85.

Plaintiff alleges that in the conversation where he was terminated, his superior told him that "the State of Hawaii and Governor Ige were paying

5

extremely substantial legal fees to TMI for 'corporate' work on their intermingled business." *Id*. Plaintiff speculates that this "business" was "improper," because if it were legitimate, his superiors at the firm would have "bragged to [him]" about it. *Id*. According to Plaintiff, his superior explained that it "was necessary to fire Plaintiff given [the superior's] financial interests." *Id.* at PageID.85–86. Plaintiff believes that the email was sent to his firm "at the instruction of, or at least with the knowledge and acquiescence of, a state official with ultimate policymaking authority." *Id.* at PageID.86.

Pierce seeks damages for (1) violation of his First Amendment rights under 42 U.S.C. § 1983, (2) violation of his rights under the Privileges and Immunities Clause of the Fourteenth Amendment under 42 U.S.C. § 1983, (3) tortious interference with contract under state tort law, and (4) intentional infliction of emotional distress under state tort law. *Id.* at PageID.86–90.

**C.      Procedural Background to This Action**

Gavigan filed the instant motion to dismiss the Amended Complaint for failure to state a claim on October 20, 2023. ECF No. 23 at PageID.106. Plaintiff submitted an Opposition on November 13, 2023, ECF No. 30, and Gavigan submitted a Reply on December 1, 2023. ECF No. 31. The Court decides this motion without a hearing under Local Rule 7.1(c).

### III.  STANDARDS OF REVIEW

A.  Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss for "failure to state a claim upon which relief can be granted."  A Rule 12(b)(6) dismissal is proper when there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged."  *UMG Recordings, Inc. v. Shelter Capital Partners*, LLC, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).  Rule 12 is read in conjunction with Rule 8(a)(2), which "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

The pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *id.*).  To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint must offer "more than labels and conclusions," and instead contain "enough factual matter" indicating "plausible" grounds for relief, not merely "conceivable" ones.  *Banks v. N. Tr. Corp.*, 929 F.3d 1046, 1055–56 (9th Cir.

2019) (citing *Twombly*, 550 U.S. at 555–56).  And in a 12(b)(6) analysis, the court accepts as true the material facts alleged in the complaint and construes them in the light most favorable to the nonmovant.  *Steinle v. City & Cnty. of S.F.*, 919 F.3d 1154, 1160 (9th Cir. 2019) (citation omitted).

**B.     Pro Se Pleadings for Attorney Plaintiffs**

When plaintiffs appear pro se, the court typically construes the Complaint and resolves all doubts in Plaintiff's favor.  *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (explaining that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers"); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (per curiam).  But this rule is not absolute—pro se litigants who are also licensed attorneys should not be afforded the special liberal pleading construction accorded to pro se litigants without counsel.  *Huffman v. Lindgren*, 81 F.4th 1016, 1019 (9th Cir. 2023).  Because pro se Plaintiff is an attorney, ECF No. 1 at PageID.2, the court construes his pleadings in the same manner as if he were represented by counsel.

**IV.  DISCUSSION**

Plaintiff's Amended Complaint provides little detail as to the role that each Defendant played in his alleged harms.  Instead, his allegations blame "the State of Hawaii" even though the State itself is not a defendant.  *See, e.g.*, ECF No.

8

18 at PageID.79 ("[T]he State of Hawaii, through its employees and/or other agents, sent an email vilifying Mr. Pierce to his employer TMI Associates . . . ."); *id.* at PageID.84 ("[T]he letter was sent by someone or on behalf of someone working in the State of Hawaii's Department of the Attorney General."); *id.* (expressing concern that "State actors" want to destroy him); *id.* at PageID.87 (As a result of [Pierce] filing the lawsuit, the State of Hawaii through its agents contacted [his] employer . . . ."). Plaintiff appears to refer to the Named Defendants and the State interchangeably, though he makes clear on the first page of his Complaint that the Named Defendants are sued in their personal capacities, not their official capacities, and he does not name the State as a defendant.

In order to state a claim for relief against the Named Defendants in their individual capacities, Plaintiff must sufficiently allege plausible grounds for relief against each Named Defendant on each of the four counts. The Amended Complaint fails to do so—Plaintiff has not differentiated between the conduct of Gavigan, Yamashiroya, Matsumiya, and the Doe Defendants sufficiently to state a claim against any Named or Doe Defendant on any of the counts. Only two of Plaintiff's allegations even reference the Named Defendants specifically.[4] In sum,

---

[4] First, Plaintiff alleges that the Named Defendants discovered that he was employed by TMI Associates and "could find his profile" on TMI Associates' website. ECF No. 18 at PageID.83. This statement scarcely supports their involvement in the events at issue. Second, in Count III, Plaintiff alleges that "Defendants emailed TMI Associates in order to leverage defendants' substantial business to induce TMI Associates to fire Plaintiff." *Id.* at PageID.89.
(continued . . .)

Plaintiff's allegation that "someone at the State of Hawaii" sent an email to his firm, without more, is not a plausible ground for relief against Defendants. *Banks*, 929 F.3d at 1055–56 (citing *Twombly*, 550 U.S. at 555–56); *Iqbal*, 556 U.S. at 678 ("[N]aked assertions devoid of further factual enhancement" are insufficient to state a claim).

Further, as to Plaintiff's constitutional claims (Counts I and II), Plaintiff fails to allege all the elements of a 42 U.S.C. § 1983 claim against any of the Named Defendants in their individual capacities. To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). A plaintiff must also plead a causal connection between that individual's actions and the plaintiff's harm. *Iqbal*, 556 U.S. at 675–76 ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). As just explained, although Plaintiff has made many allegations against the State and its employees, he has not alleged individual actions by any specific Defendant that caused him harm.

---

Plaintiff does not specify which of the Named or Doe Defendants has "substantial business" with TMI (he seems again to be referring to the State rather than Defendants). In any event, there are no factual allegations to support a claim that any particular Defendant sent the email, and Plaintiff's claim is circular, given that "Defendants" includes the Doe Defendants, defined as "individuals who participated in . . . the production and sending of the email at issue." *Id.* at PageID.80, 89.

Additionally, Count II, which alleges a violation of Plaintiff's "most well established right" under the Privileges and Immunities clause of the Fourteenth Amendment to the United States Constitution, lacks a cognizable legal theory under that clause. ECF No. 18 at PageID.88. Although there is a constitutional right to international travel, it has not been recognized as a "Privilege and Immunity" under the Fourteenth Amendment, but rather as one of the liberties protected by the Due Process Clause of the Fifth Amendment (applied to the States through the Fourteenth Amendment). *See Eunique v. Powell*, 302 F.3d 971, 973 (9th Cir. 2002); *Califano v. Gautier Torres*, 435 U.S. 1, 5 n.6 (1978). Moreover, although the right to interstate travel is "virtually unqualified," the right to international travel can be "regulated within the bounds of due process." *See Eunique*, 302 F.3d at 973; *Califano*, 435 U.S. at 5 n.6.

Similarly, Plaintiff's state tort law claims in Counts III and IV are predominantly levied against the State of Hawaii in general, rather than as to any of the Defendants in this action. That is, the claims are not plausible. *Banks*, 929 F.3d at 1055–56 (holding that a complaint must contain "enough factual matter" to indicate "plausible" grounds for relief) (citing *Twombly*, 550 U.S. at 555–56). In short, Plaintiff does not allege facts particular to any of the Defendants. He fails to allege exactly what each Defendant did or failed to do, and how that action or inaction violated an actionable right and caused Plaintiff any injury.

Plaintiff's state law tort claims also fail because he fails to allege that any Defendant's conduct was motivated by actual malice. Therefore, each Named Defendant is protected by a qualified privilege. "Under Hawaii law, it is well established that a nonjudicial government official performing a public duty enjoys the protection of a qualified privilege [against certain state torts]." *David v. Betts*, 2021 WL 1234499, at *7 (D. Haw. Mar. 31, 2021), *aff'd sub nom. David v. Kaulukukui*, 38 F.4th 792 (9th Cir. 2022) (quoting *Kealoha v. Hawaii*, 2006 WL 2052331, at *5 (D. Haw. July 20, 2006) (internal citations omitted)). But the official loses the qualified privilege if "in exercising his authority [he] is motivated by malice, and not by an otherwise proper purpose." *Medeiros v. Kondo*, 55 Haw. 499, 503, 522 P.2d 1269, 1271 (1974). And so, "[f]or a tort action to lie against a nonjudicial government official, the injured party must allege . . . that the official was motivated by malice and not by an otherwise proper purpose." *Edenfield v. Est. of Willets*, 2006 WL 1041724, at *12 (D. Haw. Apr. 14, 2006) (citations omitted).

Although Plaintiff's Amended Complaint fails to state a claim, dismissal with prejudice and without leave to amend is appropriate "only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The court will allow Plaintiff an opportunity to address the deficiencies

identified in this Order and to attempt to state valid claims against one or more particular Defendants. The court therefore dismisses the Amended Complaint without prejudice. Plaintiff is granted leave to file a Second Amended Complaint by January 24, 2024 that attempts to cure deficiencies identified in this Order.

Any amended complaint must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii. *See Ramirez v. Cnty. of San Bernadino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Local Rule 10.4 requires that an amended complaint be complete, without reference to any prior pleading. An amended complaint generally supersedes a prior complaint, and it must also be short and plain, in compliance with Rule 8. Fed. R. Civ. P. 8. The amended complaint must be labeled the "Second Amended Complaint" and may not incorporate any part of the Complaint or the Amended Complaint by reference, but rather, any specific allegations must be rewritten or retyped in their entirety. Any cause of action not already dismissed with prejudice that is not raised in the Second Amended Complaint is waived. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that claims dismissed with prejudice need not be repled in an amended complaint to preserve them for appeal, but claims that are voluntarily dismissed are considered waived if they are not repled).

## V. CONCLUSION

For the reasons set forth above, the court GRANTS Defendant Marie Gavigan's Motion, ECF No. 23, and DISMISSES Plaintiff's Amended Complaint against all Named Defendants without prejudice.  Plaintiff may file a Second Amended Complaint by January 24, 2024.  If he fails to file a Second Amended Complaint by that date, the court will dismiss the action and close the case file without further notice.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, January 3, 2024.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Pierce v. Gavigan*, Civ. No. 23-00359 JMS-RT, Order Granting Defendant Marie Gavigan's Motion to Dismiss With Leave to Amend, ECF No. 23