IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SAMUEL PIERCE,<br><br>               Plaintiff,<br><br>    v.<br><br>MARIE GAVIGAN, ET AL.,<br><br>               Defendants. | CIV. NO. 23-00359 JMS-RT<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT MARIE GAVIGAN'S MOTION TO DISMISS, ECF NO. 35 |

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT MARIE GAVIGAN'S MOTION TO DISMISS, ECF NO. 35

### I.  INTRODUCTION

Defendant Marie Gavigan ("Defendant" or "Gavigan") moves to dismiss pro se Plaintiff Samuel Pierce's ("Plaintiff") Second Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  For the reasons set forth below, Gavigan's motion is GRANTED in part and DENIED in part.

### II.  BACKGROUND

**A.  The Prior Actions**

This lawsuit is based on two prior suits, the background of which is summarized in the court's Order dismissing the Plaintiff's First Amended

Complaint.  *See* ECF No. 33.  In brief, on August 19, 2021, Plaintiff filed his first lawsuit, Civ. No. 21-00351 JMS-KJM, against, among others, Clare Connors (then-Attorney General of Hawaii) and the State of Hawaii.  He alleged that the Safe Travels Hawaiʻi Program ("Safe Travels") discriminated against travelers arriving from international destinations and infringed his right to travel under the Constitution.  Civ. No. 21-00351 JMS-KJM, ECF No. 1 at PageID.2.  Shortly thereafter, Plaintiff amended his complaint, presenting a different legal theory:  In order to deter him from pursuing his lawsuit, agents of the State of Hawaii sent an email that "misrepresented in Japanese to my employer a dismissed record of a wrongful arrest along with past civil rights cases I have brought," which resulted in his termination from his "dream job."[1]  *Id.*, ECF No. 24 at PageID.140; *see also Pierce v. Connors*, 2021 WL 5622107 (D. Haw. Nov. 30, 2021) (dismissing complaint in Civ. No. 21-00351 JMS-KJM, with leave to amend).

This court decided that Plaintiff's new allegations of retaliation were not sufficiently related to his original allegations against Safe Travels, and allowed Pierce to transfer his Complaint to a new civil action.  Civ. No. 21-00351 JMS-KJM, ECF No. 75 at PageID.401.  Pierce then voluntarily dismissed that action without prejudice.  *See* Civ. No. 22-00083 JMS-KJM, ECF No. 16.

---

[1]  Plaintiff also changed his prayer for relief, requesting that the court declare him to be Governor of Hawaii and "enjoin[] all People of the State of Hawaii to follow [his orders]."  *Id.*, ECF No. 24 at PageID.151.

**B.     The Complaint and First Amended Complaint**

Plaintiff filed a Complaint against Gavigan and the State of Hawaii (the "State") on August 28, 2023.  ECF No. 1 at PageID.1.  After the State moved to dismiss, ECF No. 13, but before the court ruled, Plaintiff filed the Amended Complaint, which did not name the State as a Defendant, and specified that Gavigan—as well as new Defendants Gary Yamashiroya and David Matsumiya— are sued in their personal capacities.[2]  ECF No. 18 at PageID.78.  Plaintiff also added John Does 1–10.  *Id.*  The court granted Gavigan's motion to dismiss Plaintiff's Amended Complaint.  ECF No. 33.  Plaintiff referred to the defendants collectively (and interchangeably with the State, which was no longer a defendant), and did not make sufficiently specific allegations against any of them to meet the pleading standard.  *Id*. at PageID.165–166.  The court, however, gave Plaintiff leave to amend to attempt to remedy the deficiencies identified in the Order.  *Id.* at PageID.170.

**C.     The Second Amended Complaint**

Plaintiff then filed a Second Amended Complaint ("SAC") naming Gavigan, Yamashiroya, and Matsumiya as defendants in their personal capacities.

---

[2]  Gavigan and Matsumiya were Deputy Attorneys-General at the time and defended Attorney General Clare Connors and the State in Plaintiff's first action.  *See* Civ. No. 21-00351 JMS-KJM, ECF No. 21 at PageID.54.  Yamashiroya was Special Assistant to Attorney General Clare Connors—he responded to Pierce's initial email requesting an exemption from Hawaii's vaccine requirement.  *See* ECF No. 21-3 at PageID.84; ECF No. 21-4 at PageID.96.

The SAC removes all references to the State and to the Doe defendants, replacing them with "GAVIGAN (and Yamashiroya and Matsumiya)."

Plaintiff generally alleges that he lost his job at TMI Associates, a Japanese law firm, because Gavigan, Yamashiroya, and Matsumiya retaliated against him for bringing his lawsuit against Safe Travels. He had planned to travel to Hawaii, but could not, "due to the state's COVID requirements." ECF No. 34 at PageID.173. He then sued the State. *Id.* (referencing Civ. No. 21-00351 JMS-KJM, ECF No. 1). He claims that Gavigan, Yamashiroya, and Matsumiya used the contact information from his pleadings to find his TMI Associates profile on the internet. *Id*. at PageID.174. Then, they searched for "any available negative and potentially damaging information about Plaintiff" and discovered that "Plaintiff had been disciplined (however absurdly) by [the Financial Industry Regulatory Authority (FINRA)] for allegedly cheating at blackjack in Connecticut" and that "Plaintiff had been a party to one or more lawsuits in which Plaintiff claimed he was the victim of unlawful racial discrimination by an institution of higher education in the United States." *Id*. at PageID.175.

According to Plaintiff, Gavigan, Yamashiroya, and Matsumiya contacted his supervisor, Yoshi Inaba, by email, and relayed the damaging information they had found, including that Plaintiff had been arrested for larceny and had preciously sued a university for race discrimination. *Id*. at PageID.175–

4

176.  This email was allegedly shared among Plaintiff's supervisors, and he lost his job as a result.  *Id*. at PageID.176–177.  Plaintiff seeks damages for (1) violation of his First Amendment rights under 42 U.S.C. § 1983, (2) tortious interference with contract under state tort law, and (3) intentional infliction of emotional distress under state tort law.  *Id.* at PageID.178–181.

Gavigan filed her motion to dismiss the SAC for failure to state a claim on February 6, 2023.  ECF No. 35.  She argues that Plaintiff's allegations are still not sufficiently specific—the allegations target all three Defendants at once, without specifying which actions should be attributed to which Defendant.  *Id*.  In his Opposition, filed on March 25, 2024, Plaintiff dropped Yamashiroya and Matsumiya as defendants, stating that the suit will proceed against Gavigan only.[3]  ECF No. 41 at PageID.218.  Gavigan filed a Reply on April 1, 2024.  ECF No. 44.  The court decides this motion without a hearing under Local Rule 7.1(c).

## III.  <u>STANDARDS OF REVIEW</u>

### A.   **Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss for "failure to state a claim upon which relief can be granted."  A Rule 12(b)(6)

---

[3]  The court construes Plaintiff's statement in his Opposition as a "notice of dismissal" filed prior to an answer or motion for summary judgment under Federal Rule of Civil Procedure 41(a)(1)(A)(i).  Accordingly, Defendants Yamashiroya and Matsumiya are DISMISSED from this action.

dismissal is proper when there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged." *UMG Recordings, Inc. v. Shelter Capital Partners*, LLC, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).  Rule 12 is read in conjunction with Rule 8(a)(2), which "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

The pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *id.*).  To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint must offer "more than labels and conclusions," and instead contain "enough factual matter" indicating "plausible" grounds for relief, not merely "conceivable" ones. *Banks v. N. Tr. Corp.*, 929 F.3d 1046, 1055–56 (9th Cir. 2019) (citing *Twombly*, 550 U.S. at 555–56).  And in a 12(b)(6) analysis, the court accepts as true the material facts alleged in the complaint and construes them in the light most favorable to the nonmovant.  *Steinle v. City & Cnty. of S.F.*, 919 F.3d 1154, 1160 (9th Cir. 2019) (citation omitted).

**B.**     **Pro Se Pleadings for an Attorney Plaintiff**

When a plaintiff appears pro se, the court typically construes the

Complaint and resolves all doubts in Plaintiff's favor.  *See Hebbe v. Pliler*, 627

F.3d 338, 342 (9th Cir. 2010); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

(explaining that "a pro se complaint, however inartfully pleaded, must be held to

less stringent standards than formal pleadings drafted by lawyers"); *Eldridge v.*

*Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (per curiam).  But this rule is not

absolute—pro se litigants who are also licensed attorneys should not be afforded

the special liberal pleading construction accorded to pro se litigants without

counsel.  *See Huffman v. Lindgren*, 81 F.4th 1016, 1019 (9th Cir. 2023).  Because

pro se Plaintiff is an attorney, ECF No. 1 at PageID.2, the court construes his

pleadings in the same manner as if he were represented by counsel.

## IV.  <u>DISCUSSION</u>

**A.**     **Count I: Section 1983**

To state a claim under § 1983, a plaintiff must allege: (1) that a right

secured by the Constitution or laws of the United States was violated; and (2) that

the alleged violation was committed by a person acting under color of state law.

*See West v. Atkins*, 487 U.S. 42, 48 (1988).  A plaintiff must also plead a causal

connection between that individual's actions and the plaintiff's harm.  *Iqbal*, 556

U.S. at 676 ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Gavigan acknowledges that Plaintiff specifically alleged "that he engaged in constitutionally protected activity when he filed his lawsuit regarding Hawaii's Safe Travels Program"—an allegation "sufficient to satisfy the first element of a First Amendment claim." ECF No. 35-1 at PageID.197. Gavigan argues, with regard to the second element of the claim and the "causal connection" requirement, that Plaintiff "does not allege any conduct specific to Gavigan anywhere in the [Second Amended Complaint]." *Id.* at PageID.197. Gavigan further argues that, because of this, Gavigan is entitled to qualified immunity—plaintiff has not sufficiently alleged that *she* violated his constitutional rights.[4] *Id.* at PageID.197–199 (citing *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under section 1983 arises only upon a showing of personal participation by the defendant.")).

The court disagrees. The SAC states that "GAVIGAN (and Yamashiroya and Matsumiya) decided to and did personally, under color of state law . . . contact TMI Associates, specifically plaintiff's ultimate supervisor Yoshi Inaba, by email" and conveyed information regarding Plaintiff's FINRA

---

[4] To be clear, Gavigan's qualified immunity argument is premised solely on her argument that Plaintiff has not sufficiently alleged a constitutional claim against Gavigan. ECF No. 35 at PageID.197–198.

disciplinary action and the lawsuits Plaintiff filed claiming that he was a victim of racial discrimination by a university, which resulted in his termination.  ECF No. 34 at PageID.175–76.  The court construes this as making an allegation that Gavigan sent the email with the others aiding her in some fashion.  Plaintiff's allegations—though not a model of clarity—give Gavigan "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley*, 355 U.S. at 47).  The fact that Plaintiff made the same or similar allegation against two other defendants does not mean he did not allege "personal participation by [Gavigan]." *Taylor,* 880 F.2d at 1045.  Gavigan's argument therefore fails.

## B.    Counts II and III: Tort Claims Under Hawaii Law

### 1.    *Plaintiff sufficiently pleads malice*

Gavigan argues that Plaintiff's Counts II (Intentional Interference with Contract) and III (Intentional Infliction of Emotional Distress) should be dismissed because Plaintiff did not plead malice, and therefore, all three Defendants are protected by a qualified privilege.  "Under Hawaii law, it is well established that a nonjudicial government official performing a public duty enjoys the protection of a qualified privilege [against certain state torts]." *David v. Betts*, 2021 WL 1234499, at *7 (D. Haw. Mar. 31, 2021), *aff'd sub nom. David v. Kaulukukui*, 38 F.4th 792 (9th Cir. 2022) (quoting *Kealoha v. Hawaii*, 2006 WL 2052331, at *5 (D. Haw.

9

July 20, 2006) (internal citations omitted)).  But the official loses the qualified

privilege if "in exercising his authority [he] is motivated by malice, and not by an

otherwise proper purpose."  *Medeiros v. Kondo*, 55 Haw. 499, 503, 522 P.2d 1269,

1271 (1974).  And so, "[f]or a tort action to lie against a nonjudicial government

official, the injured party must allege . . . that the official was motivated by malice

and not by an otherwise proper purpose."  *Edenfield v. Est. of Willets*, 2006 WL

1041724, at *12 (D. Haw. Apr. 14, 2006) (citations omitted).  Malice is defined as

"the intent, without justification or excuse, to commit a wrongful act, reckless

disregard of the law or of a person's legal rights, and ill will; wickedness of heart."

*Wereb v. Maui Cnty.*, 727 F. Supp. 2d 898, 924 (D. Haw. 2010) (internal quotation

marks omitted) (quoting *Awakuni v. Awana*, 115 Haw. 126, 141, 162 P.3d 1027,

1042 (2007)).

        Plaintiff does not use the word "malice," but he sufficiently alleges

that Defendants acted with malice, i.e., with "ill will" and "without justification or

excuse."  For example, Plaintiff alleges that Defendants, "acting under color of law

but entirely in their personal purview without any governmental objective" sought

out damaging information about him "for the purpose of intimidating Plaintiff . . .

from the exercise of [his civil rights] and otherwise avenging and retaliating

against Plaintiff for bringing the lawsuit . . . ."  ECF No. 34 at PageID.174–175.

Plaintiff also claims that the only purpose for Defendants' "craven conduct" was to

"conceal money laundering and other financial frauds" and that their actions "are akin to those used by the most brutal, violent, and reprehensible government regimes in the planet's history."[5]  *Id.* at PageID.180, 181.  Plaintiff's statements— broadly construed—allege that Gavigan acted with the "intent, without justification or excuse, to commit a wrongful act" and with "ill will."  *Wereb*, 727 F. Supp. 2d at 924 (quoting *Awakuni*, 115 Haw. at 141, 162 P.3d at 1042).  The court construes these as allegations of malice.

**2.** ***Plaintiff's tortious interference with contract claim should not be dismissed for failure to plead that Gavigan had actual knowledge of his employment contract***

In order to plead intentional interference with contract, a plaintiff must allege the following:

> (1) a contract between the plaintiff and a third party; (2) the defendant's knowledge of the contract; (3) the defendant's intentional inducement of the third party to breach the contract; (4) the absence of justification on the defendant's part; (5) the subsequent breach of the contract by the third party; and (6) damages to the plaintiff.

*Weinberg v. Mauch*, 78 Haw. 40, 50, 890 P.2d 277, 287 (1995); *Burgess v. Arita*, 5 Haw. App. 581, 594, 704 P.2d 930, 939 (1985) (same); *JDS Constr., LLC v.*

---

[5]  Though these "financial frauds" are not explained in the SAC, Plaintiff previously alleged that Defendants tried to get him terminated because of "improper" business between his law firm, TMI Associates, and former Governor Ige, *see* ECF No. 33 at PageID.161–162. Plaintiff did not reallege this in the SAC, and it is not before the court.  Nonetheless, the statements quoted above from the SAC may be construed as allegations that Defendants acted intentionally and with ill will.

*Jacobsen Constr. Co. Inc.,* 2018 WL 6355555, at *4 (D. Haw. Dec. 5, 2018) (same); *see also* Restatement (Second) of Torts § 766.

Gavigan argues that Plaintiff does not allege facts necessary to satisfy the second element of tortious interference with contractual relations, namely that Gavigan "had knowledge of the alleged employment contract." As to that requirement, Plaintiff alleges in the SAC that Gavigan "would have been well aware based on Plaintiff's title at [sic] a foreign attorney at TMI Associates that Plaintiff *very likely had a written contract.*" ECF No. 34 at PageID.174, 180 (emphasis added). Gavigan argues that Plaintiff's "speculative and conclusory" allegation is insufficient to establish this element, and his Count II should be dismissed as a result. ECF No. 35-1 at PageID.201.

Plaintiff does not allege that Gavigan had actual knowledge of his contract—only that she "likely" had that knowledge—but he does allege that Gavigan had searched for his profile on the internet and knew that he was employed at TMI Associates. ECF No. 34 at PageID.180. Because Plaintiff was employed, it follows that either he had an employment contract, or he was employed at will. Interference with an employment contract and interference with at-will employment are both cognizable as a predicate for interference with contractual relations under Hawaii tort law. *See Donenfeld v. Cnty. of Maui*, 2016 WL 7469714, at *5 (D. Haw. Dec. 28, 2016) ("Donenfeld's status as an at-will

12

employee does not preclude him from asserting a claim for tortious interference with contractual relations."); Restatement (Second) of Torts § 766 (stating that intentional interference with contractual relations applies to contracts terminable at will).  Plaintiff need not plead that Gavigan had specific knowledge of whether he was employed under contract or at-will—because the tort would be cognizable either way, it suffices that she knew he was employed at TMI Associates.  The court finds that Plaintiff has sufficiently stated a claim for tortious interference with contractual relations.

### 3.   *Plaintiff's claim for intentional infliction of emotional distress is dismissed*

Plaintiff's claim for intentional infliction of emotional distress fails. Under Hawaii law, an intentional infliction of emotional distress claim requires that the plaintiff allege "1) that the act allegedly causing the harm was intentional or reckless, 2) that the act was outrageous, and 3) that the act caused 4) extreme emotional distress to another." *Hac v. Univ. of Haw.*, 102 Haw. 92, 106–07, 73 P.3d 46, 60–61 (2003) (holding that Hawaii law on intentional infliction of emotional distress follows the Restatement (Second) of Torts).  Even construing all of Plaintiff's allegations in the light most favorable to him, Gavigan's behavior would not be outrageous as defined by the Second Restatement—that is, it is not "so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."

13

Restatement (Second) of Torts § 46, cmt. d.  Although the court understands that Gavigan's alleged actions caused Plaintiff economic and emotional hardship, it is not the sort of conduct that would cause an average member of the community to exclaim, "Outrageous!"  *Id.*

## V.  <u>CONCLUSION</u>

For the reasons set forth above, the court GRANTS in part and DENIES in part Defendant Marie Gavigan's Motion, ECF No. 35.  Gavigan's motion is DENIED as to Plaintiff's Counts I and II, and GRANTED as to Count III.  Additionally, Defendants Gary Yamashiroya and David Matsumiya are DISMISSED from this action.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, April 29, 2024.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Pierce v. Gavigan*, Civ. No. 23-00359 JMS-RT, Order Granting in Part and Denying in Part Defendant Marie Gavigan's Motion to Dismiss, ECF No. 35